## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

─────────────────────────────X

BASF CORPORATION,

                Plaintiff,

    v.

BRIAN'S AUTOMOTIVE LLC and BRIAN
GUZMAN DIAZ a/k/a BRIAN GUZMAN
and/or BRIAN DIAZ,

                Defendants.

─────────────────────────────X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants Brian's Automotive LLC ("Body Shop") and Brian Guzman Diaz a/k/a Brian Guzman and/or Brian Diaz ("Guzman," and collectively with Body Shop, "Defendants") alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Body Shop is a limited liability company organized and existing under the laws of the State of Florida, with a principal address of 1702 W. Fig Street,

Tampa, Florida 33606 on file with the Florida Division of Corporations. Body Shop's registered agent on file with the Florida Division of Corporations is Guzman. Based on Body Shop's filings with the Florida Division of Corporations and BASF's dealings with Body Shop, Body Shop's sole member is Guzman. Upon information and belief, Body Shop has been administratively dissolved for failure to file an annual report.

3. Guzman is an individual and a citizen of the State of Florida and resides at 3926 Northridge Drive, Valrico, Florida 33596.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. Body Shop is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

6. Guzman is the owner, president, and chief executive officer of Body Shop.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of Florida. Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

9. Michigan substantive law governs BASF's claims per Paragraph 8 of the Requirements Agreement.

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

10. On or about August 26, 2020, BASF and Defendants entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $267,493.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all distributor discounts, rebates, returns and credits ("Minimum Purchases").

12. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Body Shop $50,000.00 ("Contract Fulfillment Consideration") in consideration of Body Shop satisfying its obligations under the Requirements Agreement.

13. Pursuant to Paragraph 5 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Body Shop fulfilling its Minimum Purchases requirement, Body Shop was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

14. Pursuant to Paragraphs 4 and 5 of the Requirements Agreement, BASF loaned certain equipment ("Loaned Equipment") to Body Shop for Body Shop's use in conjunction with BASF Refinish Products. Body Shop agreed that the Loaned Equipment would be returned to BASF at the end of the Requirements Agreement.

15. As part of the Requirements Agreement, Guzman signed an Owner's Personal Guaranty ("Personal Guaranty") by which he guaranteed Body Shop's performance under the terms of the Requirements Agreement, including but not limited to the repayment of the Contract Fulfillment Consideration.

**_Defendants' Breach of the Requirements Agreement_**

16. In or about September 2022, Body Shop, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, purchasing Refinish Products manufactured by BASF's competitor and ceasing to fulfill all of its requirements for Refinish Products with BASF Refinish Products prior to fulfilling its $267,493.00 Minimum Purchases requirement, failing to refund the Contract Fulfillment Consideration to BASF, and failing to return the Loaned Equipment to BASF pursuant to the Requirements Agreement.

17. At the time of Body Shop's breach and termination of the Requirements Agreement, Body Shop had purchased only approximately

$34,473.93 in BASF Refinish Products, leaving a purchase balance due and owing of $233,019.07.

18. Body Shop's $34,473.93 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constituted less than one-fifth of its Minimum Purchases requirement, triggering an obligation to refund 110% of the Contract Fulfillment Consideration ($55,000.00) to BASF.

19. Body Shop's breach and termination of the Requirements Agreement also triggered Body Shop's obligation to return the Loaned Equipment, which has a value of $34,296.00, to BASF.

20. In breach of the Personal Guaranty in Paragraph 14 of the Requirements Agreement, Guzman has failed and refused to refund $55,000.00 for 110% of the Contract Fulfillment Consideration, pay BASF the $233,019.07 balance of the Minimum Purchases requirement, or pay BASF for the value of the Loaned Equipment.

21. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

22. By letter dated October 14, 2022, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendants notice that they were in default of their contractual obligations and demanded a refund of the Contract

Fulfillment Consideration. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

23. Despite the foregoing, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement.

## COUNT I
### Breach of Contract Against Body Shop

24. BASF incorporates by reference the allegations contained in paragraphs 1-14, 16-19, and 21-23.

25. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $267,493.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all distributor discounts, rebates, returns and credits.

26. Despite Body Shop's obligations under the Requirements Agreement and in breach thereof, Body Shop failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

27. A purchase balance of at least $233,019.07 remains outstanding under the terms of the Requirements Agreement.

28. Because of Body Shop's breach without legal excuse, and pursuant to Paragraphs 4 and 5 of the Requirements Agreement, Body Shop is obligated to

refund 110% of the $50,000.00 Contract Fulfillment Consideration to BASF, which is $55,000.00, and pay BASF for the value of the Loaned Equipment, which is $34,296.00.

29. As of the date of the filing of this Complaint, as a direct and proximate result of Body Shop's breach, Body Shop has damaged BASF under the Requirements Agreement as follows:

    a. $55,000.00 for 110% of the Contract Fulfillment Consideration;

    b. $233,019.07 for the remaining balance of the Minimum Purchases requirement; and

    c. $34,296.00 for the value of the Loaned Equipment.

30. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Body Shop's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

31. As a direct and proximate result of Body Shop's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial.

**WHEREFORE**, BASF demands judgment against Body Shop, awarding an amount to be determined at trial but not less than $322,315.07, together

with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Breach of Contract Against Guzman

32. BASF incorporates by reference the allegations contained in paragraphs 1-23.

33. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Guzman personally guaranteed Body Shop's obligations to BASF under the Requirements Agreement, including, but not limited to, the return of the Contract Fulfillment Consideration.

34. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Guzman has failed to pay BASF the amounts due from Body Shop under the Requirements Agreement.

35. Upon information and belief, as of the date of the filing of this Complaint, Guzman has damaged BASF in the following amounts under the Requirements Agreement:

    a. $55,000.00 for 110% of the Contract Fulfillment Consideration;

    b. $233,019.07 for the remaining balance of the Minimum Purchases requirement; and

    c. $34,296.00 for the value of the Loaned Equipment.

36. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Guzman's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

37. As a direct and proximate result of Guzman's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial.

**WHEREFORE**, BASF demands judgment against Guzman, awarding an amount to be determined at trial but not less than $322,315.07, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

### COUNT III
### Unjust Enrichment

38. BASF incorporates by reference the allegations contained in paragraphs 1-23.

39. Through BASF's business relationship with Defendants, Defendants received the benefit of the $50,000.00 Contract Fulfillment Consideration and the Loaned Equipment valued at $34,296.00 that was provided by BASF in anticipation of the parties' continued business relationship.

40. Defendants prematurely terminated the parties' business relationship, but Defendants have failed to return the $50,000.00 to BASF or pay BASF for the $34,296.00 value of the Loaned Equipment.

41. BASF expected remuneration in the sum of $50,000.00 for the Contract Fulfillment Consideration and $34,296.00 for the value of the Loaned Equipment. Defendants' failure to return the Contract Fulfillment Consideration to BASF has unjustly enriched Defendants.

42. Permitting Defendants to retain the benefit of the $50,000.00 Contract Fulfillment Consideration and the $34,296.00 value of the Loaned Equipment when Defendants prematurely terminated their business relationship with BASF would be unequitable and unjust to BASF.

43. By reason of the foregoing, Defendants have been unjustly enriched by $84,296.00 for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants awarding an amount to be determined at trial but not less than $$84,296.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT IV
## Declaratory Relief

44. BASF incorporates by reference the allegations contained in paragraphs 1-23.

45. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

46. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning their rights and obligations under the Requirements Agreement. Defendants contend that they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

47. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

48. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

        a.      Awarding BASF monetary damages in an amount to be determined at trial, but not less than $322,315.07, together with prejudgment interest;

        b.      Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

        c.      Awarding BASF all costs and fees of this action as permitted by law; and

        d.      Awarding BASF such other and further relief as this Court deems just and proper.

Dated:      March ____, 2023

                                CARLTON FIELDS, P.A.

                        By:  */s/ DRAFT*           
                              Daniel C. Johnson
                              Lead Counsel
                              Florida Bar No. 522880
                              djohnson@carltonfields.com
                              200 S. Orange Avenue, Suite 1000
                              Orlando, FL 32801-3456
                              Tel:   (407) 244-8237
                              Fax:  (407) 648-9099